UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | )    Misc. No. |
| | ) |
| v. | ) |
| | ) |
| VEOLIA ENVIRONNEMENT NORTH | ) |
| AMERICA OPERATIONS, INC., | ) |
| | ) |
| Respondent. | ) |

**PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES**

The United States of America, petitions this Court for an order enforcing six Internal Revenue Service summonses served on the respondent, Veolia Environnement North America Operations, Inc. ("VENAO") pursuant to 26 U.S.C. § 7602. In support, the United States asserts the following:

### Jurisdiction

1. Jurisdiction over this matter is conferred upon this Court by 26 U.S.C. §§ 7402(b) and 7604(a).

### The Parties

2. The petitioner is the United States of America.

3. The respondent, VENAO, is found at the Nemours Building, Suite 1410, 1007 Orange Street, Wilmington, Delaware 19801, which is within the jurisdiction of this Court.

### Basis for Relief

4. Christopher Nesypor and John Lee are duly-commissioned revenue agents of the IRS, employed in the Large and Mid-Sized Retail, Food, Pharmaceutical & Healthcare Section, respectively in Territory 2, Group 1721 (Lee) and Territory 4, Group 1481 (Nesypor). Exhibit 1

1

(Declaration of Christopher Nesypor) at ¶¶ 1 & 2.

5.  In his capacity as an IRS Revenue Agent, Mr. Lee is authorized to issue an IRS summons pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 4 (as revised).  Exhibit 1 at ¶ 4.

6.  The IRS is conducting an examination of the federal income tax liabilities of VENAO, a holding company, for the taxable periods ending December 31, 2004, December 31, 2005, and December 31, 2006.  Exhibit 1 at ¶ 3.  Part of the examination concerns the $4.494 billion worthless stock deduction that VENAO claimed on its 2006 federal income tax return in connection with its ownership of Water Applications & Systems Corporation ("WASCO"), a wholly-owned subsidiary of VENAO.  Id.

7.  In furtherance of the examination, and in accordance with 26 U.S.C. § 7602, on December 5, 2008, Revenue Agent Lee issued a number of IRS summonses directing VENAO to appear before the IRS on January 7, 2009, at 10:00 a.m., and to testify and produce for examination the books, records, papers, and other data described in the summonses.  Exhibit 1 at ¶ 5.  The United States seeks judicial enforcement of six of those summonses in this action.  Copies of the six summonses are attached hereto as Exhibits 2 through 7.

8.  In accordance with 26 U.S.C. § 7603, on December 5, 2008, IRS Revenue Agent Dale Look served attested copies of the six summonses on VENAO by personal delivery upon Ray B. Bruckert, Assistant Treasurer and Director of Tax for respondent, at 700 East Butterfield Road, Suite 201, Lombard, Illinois.  Exhibit 1 at ¶ 6; see also Exhibits 2 through 7 at p. 2 (certificates of service).

9.  VENAO is in possession and control of books, records, papers, and other data that are relevant to the above-described examination.  Exhibit 1 at ¶ 7.

10. Upon the request of VENAO's counsel, the January 7, 2009, appearance date was extended to January 21, 2009. Exhibit 1 at ¶ 8. On January 21, 2009, VENAO appeared but failed to fully comply with the six summonses for which the United States seeks an enforcement order by not producing all of the books, records, papers, and other data demanded in those summonses. Id. VENAO's failure to fully comply with those summonses continues to this date. Id.

11. The books, records, papers, and other data demanded in the six summonses are relevant to the above-described examination. Exhibit 1 at ¶ 9.

12. It is necessary to examine those books, papers, records, or other data demanded by the six summonses in order to properly determine the federal income tax liabilities of VENAO for the taxable periods ending December 31, 2004, December 31, 2005, and December 31, 2006. Exhibit 1 at ¶ 10.

13. With the exception of the bates-numbered and unredacted documents produced to the IRS by counsel for VENAO, which are not the subject of this petition, the books, papers, records, or other data sought by the six summonses are not already in possession of the IRS. Exhibit 1 at ¶ 11.

14. All administrative steps required by the Internal Revenue Code for the issuance of the six summonses have been taken. Exhibit 1 at ¶ 12.

15. There is no "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to VENAO for the taxable periods ending December 31, 2004, December 31, 2005, and December 31, 2006. Exhibit 1 at ¶ 13.

16. The Declaration of Christopher Nesypor, attached hereto as Exhibit 1, provides the necessary showing for enforcement of the six summonses by this Court.  See United States v. Powell, 379 U.S. 48, 57-58 (1964) (the United States establishes its *prima facie* case for summons enforcement by showing that four "Powell factors" have been met:  (1) "that the investigation will be conducted pursuant to a legitimate purpose"; (2) "that the inquiry may be relevant to that purpose"; (3) "that the information is not already within the [United States'] possession"; and, (4) "that the administrative steps required by the [Internal Revenue] Code have been followed ....").

WHEREFORE, petitioner, the United States of America, seeks the following relief:

A. That this Court enter an order, in the form attached hereto, directing respondent, Veolia Environnement North America Operations, Inc., to show cause in writing, if any, why it should not fully comply with and obey the six Internal Revenue Service summonses and every requirement thereof;

B. That this Court enter an order directing respondent, Veolia Environnement North America Operations, Inc., to obey the aforementioned six summonses by producing all summonsed books, records, papers, and other data to Revenue Agent Christopher Nesypor, or any other proper agent or employee of the Internal Revenue Service, at such time and place as may be fixed by Revenue Agent Nesypor or any other proper agent or employee of the Internal Revenue Service;

D. That the United States recover its costs in this action; and,

E.       That the Court grant such other and further relief as it deems just and proper.

KATHRYN KENEALLY
Assistant Attorney General
U.S. Department of Justice, Tax Division

/*s*/ Nathan L. Strup
NATHAN L. STRUP
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044
(202) 514-6058/Fax: (202) 514-5238
Nathan.L.Strup@usdoj.gov