UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) |
| VEOLIA ENVIRONNEMENT NORTH AMERICA OPERATIONS, INC., | ) ) ) |
| Respondent. | ) ) |

**DECLARATION OF REVENUE AGENT CHRISTOPHER NESYPOR**

I, Christopher Nesypor, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a duly-commissioned Revenue Agent of the Internal Revenue Service ("IRS"), employed in the Large Business and International, Retailers, Food, Transportation, and Healthcare Industry, Territory 4, Group 1481.

2. John Lee is a duly-commissioned Revenue Agent of the IRS, employed in the Large Business and International, Retailers, Food, Transportation, and Healthcare Industry, Territory 2, Group 1721.

3. In my capacity as a Revenue Agent, I have been assigned, as the successor to Revenue Agent John Lee, to conduct an examination of the federal income tax liabilities of Veolia Environnement North America Operations, Incorporated ("VENAO"), a holding company, for the taxable periods ending December 31, 2004, December 31, 2005, and December 31, 2006. Part of the examination concerns the $4.494 billion worthless stock deduction that VENAO claimed on its 2006 federal income tax return in connection with Water Applications & Systems Corporation, a wholly-owned subsidiary of VENAO.

4. In his capacity as a Revenue Agent, John Lee is authorized to issue an IRS



Government Exhibit 1

summons pursuant to 26 U.S.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 4 (as revised; now superseded on April 30, 2009, by Delegation Order No. 25-1).

5. In furtherance of the examination, and in accordance with 26 U.S.C. § 7602, on December 5, 2008, Revenue Agent John Lee issued a number of summonses, including the six summonses copies of which are attached to the United States' Petition in the above-captioned proceeding, directing VENAO to appear before the IRS on January 7, 2009, at 10:00 a.m., and to testify and produce for examination the books, records, papers, and other data described in the summonses.

6. In accordance with 26 U.S.C. § 7603, on December 5, 2008, Revenue Agent Dale Look served attested copies of the six summonses mentioned above on VENAO by personal delivery upon Ray B. Bruckert, Assistant Treasurer and Director of Tax for respondent, at 700 East Butterfield Road, Suite 201, Lombard, Illinois, as is evidenced by the Certificate of Service on the reverse side of each summons.

7. VENAO is in possession and control of books, records, papers, and other data that are relevant to the above-described examination.

8. Upon the request of VENAO's counsel, the January 7, 2009 appearance date was extended to January 21, 2009. On January 21, 2009, VENAO appeared but failed to fully comply with the six summonses by not producing all of the books, records, papers, and other data demanded in those summonses. VENAO's failure to fully comply with those summonses continues to this date.

9. The books, records, papers, and other data demanded in the summonses at issue are relevant to the above-described examination.

10. It is necessary to examine those books, papers, records, or other data in order to properly determine the federal income tax liabilities of VENAO for the taxable periods ending December 31, 2004, December 31, 2005, and December 31, 2006.

11. With the exception of the bates-numbered and unredacted documents produced to the IRS by counsel for VENAO, the books, papers, records, or other data sought by the summonses are not already in possession of the IRS.

12. All administrative steps required by the Internal Revenue Code for issuance of the summonses have been taken.

13. There is no "Justice Department referral," as that term is described in Section 7602(d)(2) of the Internal Revenue Code, in effect with respect to VENAO for the taxable periods ending December 31, 2004, December 31, 2005, and December 31, 2006.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 5th day of December 2012.

*Christopher Nesypor*
Christopher Nesypor, Revenue Agent
Internal Revenue Service