## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                          )<br>           Petitioner,            )<br>                                                          )<br>           v.                                         )<br>                                                          )<br>VEOLIA ENVIRONNEMENT NORTH  )<br>AMERICA OPERATIONS, INC.,         )<br>                                                          )<br>           Respondent.                     ) | Civil Action No. 13-mc-03-LPS |

## MOTION FOR RECONSIDERATION OF THIS COURT'S OCTOBER 31, 2014 <u>MEMORANDUM OPINION AND ORDER</u>

OF COUNSEL:

Breon S. Peace
Yaron Z. Reich
Jonathan Gifford
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

Dated: December 1, 2014

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Respondent*
*Veolia Environnement North America*
*Operations, Inc.*

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Veolia Environnement North American Operations, Inc., ("Veolia") respectfully moves for reconsideration of a discrete portion of this Court's Memorandum Opinion dated October 31, 2014, as amended on November 17, 2014 (the "Order"). [D.I. 31 and 35][1] In Part II.B.2 of the Order, the Court held that eighteen documents were not protected by the attorney-client or tax practitioner privileges because the privilege log descriptions did not support Veolia's assertions of privilege. [D.I. 31 at 19-20]

The Order's discussion of these documents identifies two different grounds on which the Court found the descriptions were inadequate: 1) the descriptions did not indicate an author and/or recipient, and the privilege log provided no further information as to why the documents were created, or 2) certain legal or tax memoranda were addressed to the corporation, which prevented the Court from determining whether the asserted privilege was waived. Id.

Veolia moves for reconsideration with respect to documents addressed by Part II.B.2 of the Order because they do not appear to suffer from either of the weaknesses the Court identified.[2] Moreover, Veolia provided information sufficient to establish that the legal and tax memoranda at issue here were confidential and that the privileges had not been waived.

In addition to the descriptions in the Privilege Log, on December 6, 2013, at the Court's invitation, Veolia provided the Court with expanded descriptions of the basis for withholding each of these documents (referred to herein as the "Expanded Descriptions"). [D.I.

---

[1] Please note that Veolia is contemporaneously filing a Motion To Stay Enforcement Of This Court's Amended October 31, 2014 Memorandum Opinion And Order Pending Respondent's Motion for Reconsideration And/Or An Appeal.

[2] Thus it appears that the Court "has patently misunderstood a party . . . or has made an error not of reasoning but of apprehension." Alabi-Shonde v. Patterson, C.A. No.: 11–0608–LPS, 2014 WL 4954314 at *1 (D. Del. Sept. 30, 2014 ).

27, ¶ 4]. As discussed below, for many of the documents that are internal Veolia discussions, the Expanded Descriptions identified the particular Privilege Log documents that contained the advice from outside advisors that the Veolia employees were discussing.

Veolia moves for reconsideration for the following documents:

**Privilege Log Nos. 165, 171, 174, 175, 176, 178**: The author of each of these documents is identified in Veolia's Privilege Log as Christine Bouvier, who was then the Worldwide Tax Director for Veolia Group, and the recipients are specifically identified by name as senior Veolia executives and in-house attorneys at Veolia.[3] These documents all come from Part J of Veolia's Privilege Log, which, as described in the text introducing Part J, are materials that were prepared in connection with the sales of certain U.S. subsidiaries in 2004. [D.I. 6-1, Exh. 1 at 33] The Privilege Log description for each of these documents states that the document reflects tax advice regarding the divestitures, and, in the case of Privilege Log Nos. 165, 171, 176, and 178, specifies that the document discusses or reflects tax legal advice of external tax advisors at PricewaterhouseCoopers. The Expanded Descriptions provide further detail and, for all of the documents, identify where the PricewaterhouseCoopers advice being discussed appears in the Privilege Log.

**Privilege Log Nos. 224, 225**: These documents are substantially similar to the documents discussed in the previous paragraph, except that they related to restructuring of debt

---

[3] The recipients for Privilege Log No. 171 include, in addition to Veolia's General Counsel and ten other Veolia executives or employees identified by name, the "US Tax Team," which consisted of employees of Veolia / US Filter in the United States with responsibility for U.S. tax matters. See D.I. 6-1, Exh. 3 at 3. The document is (and is described in the Privilege Log as being) a memorandum that discusses the U.S. tax consequences of the sales of certain subsidiaries. Accordingly, the US Tax Team had direct responsibility for the subject matter of the memorandum, and the use of a "team" address for those employees does not raise a reasonable doubt as to whether this memorandum circulated so widely as to not be considered confidential. Cf. In re Ford Motor Co., 110 F.3d 954, 966 (3d Cir. 1997) (holding minutes of meeting of Ford's "Policy and Strategy Committee" to be privileged).

in 2005. The author of the documents is identified in Veolia's Privilege Log as Christine Bouvier, and the recipients are specifically identified by name as Nathalie Pivet, Jerome Passot, Thierry Lissajoux, and Pierre Francois Riolacci, all of whom were Veolia executives or employees whom Veolia has identified as having responsibility for finance, accounting or tax matters. [D.I. 6-1, Exh. 3] The documents are listed in Part L of Veolia's Privilege Log, which is described as containing documents "regarding proposed means of recapitalizing VENAO in 2005." The individual descriptions for these documents state that they discuss debt forgiveness and reflect tax advice from PricewaterhouseCoopers. [D.I. 6-1, Exh. 1 at 43]

**Privilege Log No. 152:** As stated in the Privilege Log, this document is a file of U.S. tax materials relating to the sales of subsidiaries in 2004 and debt cancellation that was created and maintained by Christine Bouvier and Nathalie Pivet. As described in the Expanded Description for Privilege Log No. 152, the documents within this file include, at pp. 152-006 through 008, a memorandum dated December 10, 2004 providing tax advice relating to these transactions that was authored by CMS Bureau Francis Lefebvre, a French law firm. Likewise, pp. 152-010 through 011 consist of a memorandum that provides advice regarding these transactions and that was authored by PricewaterhouseCoopers, as noted in the Expanded Description for this document.[4] The recipient of both of these memoranda was Christine Bouvier, as indicated by their presence in the file she maintained and the fact that they relate to a subject matter (taxes) directly within her area of responsibility.

**Privilege Log No. 173**: This memorandum summarizes PricewaterhouseCoopers advice on tax consequences of the sales of subsidiaries in 2004, and appears in the part of

---

[4] Veolia identified this memorandum as having been authored by PricewaterhouseCoopers based on metadata associated with an identical copy of the memorandum that appeared on Veolia's Privilege Log at No. 234. [D.I. 6-1, Exh. 1 at 44.]

3

Veolia's Privilege Log relating to those divestitures (i.e. Part J).  The Expanded Description for this document identifies the Privilege Log documents that contain the PricewaterhouseCoopers advice that is summarized in this memorandum.  The Privilege Log also states that the memorandum was attached to an email sent from Christine Bouvier to Jerome Contamine, Pierre Francois Riolacci, and Philippe Surjous, all of whom were senior executives of Veolia.

For the reasons described above, Privilege Log Nos. 152, 165, 171, 173, 174, 175, 176, 178, 224 and 225, and their descriptions in the Privilege Log and in the Expanded Descriptions, do not lack a specified author, do not lack specified recipients, are not ambiguous as to why the documents were prepared, and contain attorney and/or tax practitioner advice that is privileged and as to which the privilege has not been waived.  See  D.I. 31 at 18-19.  Accordingly, Veolia respectfully requests that the Court reconsider its prior determination and find these documents to be privileged and properly withheld from production.

**Priv. Log Nos. 151, 164, 181, 182, 197, 198 and 244, and Redaction Log No. 41:** Veolia respectfully asks the Court to reconsider its ruling that these documents must be produced because "the privilege log further provides no clue as to why they were created" and because, "[s]ome documents, which appear to be legal memoranda or tax memoranda (*see, e.g.,* Priv. Log Nos. 197-98; Red. Log No. R41), are addressed so broadly – generally to the entire corporation – as to render the Court unable to determine whether the asserted privilege was waived, and thus must be produced." [D.I. 31 at 19-20]

As an initial matter, the fact that certain memoranda are addressed to a corporation rather than particular officers or employees of the corporation does not necessarily support a finding of waiver.  Where, as here, the corporation (rather than any individual or set of individuals) is the "client," and thus the holder of the privilege, it is standard practice for

4

attorneys and tax advisors to address their legal and tax advice to the corporation itself, their client.  Veolia is not aware of any court that has ever held that this practice effects a waiver.  Cf. Radiant Burners, Inc. v. Am. Gas Ass'n, 320 F.2d 314, 324 (7th Cir. 1963) (en banc) ("A corporation is entitled to the same treatment as any other 'client'—no more and no less.").  To the contrary, for purposes of privilege analyses, courts distinguish between disclosure within a corporation and disclosure to a third party.  Indeed, "courts almost universally hold that intra-group information sharing does not implicate the disclosure rule.  This result is unquestionably correct."  In re Teleglobe Comms. Corp., 493 F.3d 345, 369 (3d Cir. 2007).

Priv. Log Nos. 164, 181, 182, 197 and 198 all come from Part J of Veolia's Privilege Log, which, as described in the text introducing Part J, contains materials that were prepared in connection with the sales of certain U.S. subsidiaries in 2004, including discussions of "the legal structure . . . and how structures would impact the treatment of the transaction under the Internal Revenue Code."  [D.I. 6-1, Exh. 1 at 33]  The Privilege Log description for each of these documents states that the document reflects tax advice from outside advisors at PricewaterhouseCoopers (and, for Priv. Log Nos. 197 and 198, Ernst & Young) regarding the divestitures of certain subsidiaries (specifically identified for Priv. Log Nos. 164, 197 and 198 as the sales under the code name "Project Blue Marlin," with which the IRS is familiar).  The Expanded Descriptions provide further detail and, for each of these documents, identify where the PricewaterhouseCoopers advice being discussed appears in the Privilege Log.  The documents themselves manifestly contain discussions of legal and tax advice – some of it quite technical – relating to the sales of subsidiaries.  Moreover, in Priv. Log No. 197, pages 197-007 – 008 and 197-010 – 011 contain factual questions asked by PricewaterhouseCoopers (and some answers, provided by Duane Huennekens, VP – Tax at U.S. Filter [see D.I 6-1 Ex. 3 at 3]) in

5

order to render legal tax advice concerning the issues addressed in Priv. Log. Nos. 197 and 198, which are quintessential protected tax practitioner – client communications.  See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) ("the purpose of the [attorney-client] privilege is to encourage clients to make full disclosure to their attorneys" (internal quotation marks deleted)); 26 U.S.C. §7525(a)(1) (tax practitioner privilege generally applies "to the extent the communication would be considered a privileged communication if it were between a taxpayer and an attorney").

In its Amendment to the Order, dated November 17, 2014 [D.I. 35], the Court specifically ruled that Priv. Log No. 196 is privileged, based on an *in camera* review of the document.  That document – like Priv. Log Nos. 164, 181, 182, 197 and 198 – was an internal Veolia document that discussed tax advice received from PricewaterhouseCoopers with respect to the divestitures, and was identified in the Privilege Log as having Veolia as the author and recipient, rather than any specified individual.  Similarly, Priv. Log Nos. 164, 181, 182, 197 and 198 are, on their face, privileged communications that form part of the corpus of internal Veolia discussions of privileged advice received from PricewaterhouseCoopers (and other advisers) with respect to the divestitures of subsidiaries in 2004.  The underlying documents from PricewaterhouseCoopers (and other advisers)  are listed in Part J of the Privilege Log.

Priv. Log. No. 151 is a memorandum from PricewaterhouseCoopers to Veolia dated July 28, 2004 that provides advice regarding tax issues arising in the context of the 2004 divestitures of subsidiaries (see Priv. Log No. 151 at 3 and 15, referencing "Blue Marlin" and other divestitures). The Expanded Description for Priv. Log No. 151 identifies the particular tax issue discussed in the memorandum, which is described more generally in the Privilege Log to protect the confidentiality of the privileged communication.

Priv. Log No. 244 is, as described on the Privilege Log and the Expanded Descriptions, a draft of an internal memorandum dated December 22, 2005, reflecting technical legal tax advice from PricewaterhouseCoopers regarding tax implications of WASCO's 2005 debt cancellation, and noting that Christine Bouvier, Veolia's worldwide tax director and a lawyer [see D.I. 6-1, Exh. 3 at 3] was continuing to study certain of these tax questions. This document is part of a set of privileged documents relating to the 2005 debt cancellation, in Part L of the Privilege Log.

The redacted portion of Redaction Log No. 41 is, and is described in the Privilege Log and the Expanded Description as, a document prepared by Ernst & Young for U.S. Filter Corporation (a Veolia subsidiary) providing legal tax advice regarding a worthless stock deduction claimed by U.S. Filter in 2002 in respect of its stock in U.S. Filter Italia S.p.A. The document itself has a notice on top of each page stating "Tax Advisor-Client Communication/Privileged and Confidential," and it is part of a file of emails and other documents that, based on the other documents in that file, evidently came from the files of either Duane Huennekens, VP – Tax at U.S. Filter, or Lynn Norton, International Tax Manager at U.S. Filter, who were responsible for U.S. taxes at U.S. Filter. See D.I 6-1 Ex. 3 at 3.

Based on the description of the documents in the Privilege Log and the Expanded Descriptions, the content of the documents themselves (including technical discussions relating to tax advice from outside tax advisers) and their context within the other materials provided to the Court, Veolia has met its burden of establishing that Priv. Log Nos. 151, 164, 181, 182, 197, 198 and 244, and Redaction Log No. 41 are privileged and that the privilege had not been waived.

The situation here is thus distinguishable from the two SmithKline / Apotex decisions quoted in the Order. [D.I. 31 at 19-20] In those cases, only the privilege logs were before the court, and the party asserting the privilege was tasked with providing, but failed to provide, further specificity in the descriptions of withheld documents. See SmithKline Beecham Corp. v. Apotex Corp., No. 98 Civ. 3952, 2000 WL 1310669, at *1, *7 (N.D. Ill. Sept. 13, 2000); SmithKline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467, 475-76 (E.D. Pa. 2005). By contrast, here the Court has proceeded with an *in camera* review of the documents at issue, and thus has before it not only the descriptions in the privilege log, but the full documents themselves, as well as the Expanded Descriptions.

Accordingly, Veolia respectfully requests that the Court reconsider its prior determination and find these documents to be privileged and properly withheld from production.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

By: */s/ Philip A. Rovner*

Breon S. Peace
Yaron Z. Reich
Jonathan Gifford
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

Dated: December 1, 2014
1173823

*Attorneys for Respondent*
*Veolia Environnement North America*
*Operations, Inc.*

8