# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Petitioner, : | |
| v. : | Civ. No. 13-mc-03-LPS |
| VEOLIA ENVIRONNEMENT NORTH : | |
| AMERICA OPERATIONS, INC., : | |
| Respondent. : | |

## MEMORANDUM ORDER

**INTRODUCTION**[1]

Pending before the Court is Respondent Veolia Environnement North America Operations, Inc.'s ("Taxpayer") Motions for a Stay and Reconsideration (*see* D.I. 36, 37) of a portion of the Court's October 31, 2014 Memorandum Opinion and Orders, and the Amended November 17, 2014 Memorandum Order (*see* D.I. 31, 32, 35). Specifically, Taxpayer moves under Rule 59(e) of the Federal Rules of Civil Procedure for reconsideration of the Court's October 31, 2014 ruling contained in Part II.B.2, which held that "eighteen documents were not protected by the attorney-client or tax practitioner privileges because the privilege log descriptions did not support Taxpayer's assertions of privilege." (D.I. 36 at 1) Petitioner United States of America ("IRS") opposes, noting that Taxpayer "spends much of its motion reiterating previously provided information regarding those documents the Court determined were insufficiently described." (D.I. 41 at 3)

---

[1] Because the Court has already issued three decisions in this case, the lengthy procedural history is not cited in its entirety. (*See* D.I. 23, 31, 35)

1

**LEGAL STANDARDS**

A motion for reconsideration pursuant to Rule 59(e), which is timely filed and challenges the correctness of a previously entered order, is considered the "functional equivalent" of a motion for reconsideration under Local Rule 7.1.5. *See Coming Inc. v. SRU Biosystems*, 2006 WL 155255, at *3 (D. Del. Jan. 20, 2006). Motions for reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the court. *See Karr v. Castle*, 768 F.Supp. 1087, 1090 (D. Del. 1991); *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Such motions are granted only if it appears that the court has patently misunderstood a party, has made a decision outside of the adversarial issues presented by the parties, or has made an error not of reasoning but of apprehension. *See, e.g., Shering Corp. v. Amgen, Inc.*, 25 F.Supp.2d 293, 295 (D. Del. 1998); *Brambles*, 735 F.Supp. at 1240. A party may ask a court to alter or amend the judgment if the party can demonstrate at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not previously available; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Cafe by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Even when one or more of these conditions are satisfied, the Court may deny the motion if it would not alter the outcome. *See Becton Dickinson & Co. v. Tyco Healthcare Group LP*, 2006 WL 890995, at *2 (D. Del. Mar. 31, 2006); *Brambles*, 735 F.Supp. at 1240.

**DISCUSSION**

Taxpayer argues that the Court has patently misunderstood whether Taxpayer provided adequate description in its privilege log of 18 documents that the Court found are not protected

2

by the attorney-client or tax practitioner privileges. (D.I. 36 at 1) The Court found that Privilege Log Nos. 151, 152, 164-65, 171, 173-76, 178, 181-82, 196 pg. 5, 197-98, 224-25, 244; and Redaction Log No. R41 were unprotected documents. (D.I. 31 at 19-20)

IRS responds "[a]ll of the information cited by [Taxpayer] has already been reviewed by the Court and formed the basis for its decision." (D.I. 41 at 4) Further, as the Court already stated, the documents "are addressed so broadly the – generally to the entire corporation – as to render the Court unable to determine whether the asserted privilege was waived, and thus must be produced." (D.I. 31 at 20)

The Court finds that there is no basis to reconsider its decision. The Court has already conducted a lengthy in camera review of these documents. As the IRS observes, Taxpayer's "motion is predicated on its disagreement with the Court's conclusion that the documents must be produced." (D.I. 41 at 3) In doing so, the Court had the benefit of not just the documents themselves, but also Taxpayer's logs and its expanded descriptions of the bases for its privilege assertions. Taxpayer has the right to disagree with the Court's conclusions, but such disagreement is not a meritorious basis for reconsideration.

Accordingly, the Court concludes that there is no: (1) change in the controlling law; (2) availability of new evidence not previously available; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood*, 176 F.3d at 677.

Thus, IT IS HEREBY ORDERED that Taxpayer's Motion for Reconsideration (D.I. 36) is DENIED. IT IS FURTHER ORDERED that Taxpayer's Motion for Stay (D.I. 37) of the Court's October 31, 2014 Memorandum Opinion and Orders, and its Amended November 17, 2014 Memorandum Order is DENIED as moot.

Wilmington, Delaware.
July 17, 2015

                                                      UNITED STATES DISTRICT JUDGE